**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH LOPEZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART STORES, INC., a Delaware Corporation, d/b/a WAL-MART SUPERCENTER STORE 2837; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　　　Defendants.<br>_____ | 2:07-cv-00968-BES-RJJ<br><br>**ORDER** |

Presently before this Court is Plaintiff's Motion to Remand (#5), filed on August 2, 2007. Defendant filed its Response (#8) on August 20, 2007 and Plaintiff filed a Reply (#11) on August 28, 2007.

## I. BACKGROUND

On May 11, 2007, Plaintiff Elizabeth Lopez ("Lopez") filed a Complaint against Wal-Mart Stores, Inc. ("Wal-Mart") in the Eighth Judicial District Court in Clark County, claiming she sustained injuries from a slip-and-fall incident at one of Wal-Mart's locations. Defendant removed the case to federal court on July 20, 2007, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties and the amount in controversy is more than $75,000. Lopez has moved to remand the case to state court. Plaintiff does not dispute the amount in controversy or the existence of diversity, but opposes Wal-Mart's removal as untimely on the basis that Wal-Mart failed to comply with 28 U.S.C. § 1446(b) by not filing a timely notice of removal.

///

## II. ANALYSIS

**A.    Timeliness of Removal**

If the basis for removal is clear from the initial pleading, the notice of removal must be filed within thirty days of defendant's receipt of the complaint or service of summons. 28 U.S.C. § 1446(b).  If the complaint does not reveal a basis for federal jurisdiction, however, a "notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. Section 1446 therefore provides two thirty-day windows during which a defendant may remove an action.  If a notice of removal is filed after either thirty-day window, it is untimely and remand to state court is appropriate.  28 U.S.C. § 1446(b); see Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007).

The initial pleading, the complaint, was filed in this action on May 11, 2007, but it stated only that damages exceed $10,000. (Pet. for Removal (#1), Ex. B). Even if Wal-Mart actually knew or suspected that Plaintiff's damages might exceed $75,000, the case would not have been removable at that point. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (holding that the defendant's subjective knowledge is inapposite); see also Fee v. Wal-Mart Stores, Inc., 2006 WL 3149366, *3 (D. Nev. 2006) ("in the context of removal it is not the burden of the defendant to speculate, assume or postulate what the plaintiff may be thinking the case is worth"). Accordingly, the second thirty-day window set forth in § 1446(b) applies to this case.

According to Wal-Mart, the amount in controversy did not become evident until it discussed damages with opposing counsel on June 21, 2007 after receiving Plaintiff's Request for Exemption from Arbitration on June 20, 2007, in which Plaintiff's damages were specified as $45,134.90.  During the June 21, 2007 conversation, Plaintiff's counsel allegedly represented for the first time that the amount in controversy is well in excess of $75,000. (Gutke Affidavit, Response (#8), Ex. A).  It is therefore Wal-Mart's position that it had thirty days from June 21, 2007 to remove the action.  Plaintiff claims that the amount in question

could have been determined from a May 24, 2007 letter sent to Wal-Mart, enclosing a complete set of Plaintiff's medical records and cautioning that Plaintiff's "current medical specials are in excess of $45,000." (Motion (#5), Ex. 1). Accordingly, Plaintiff maintains that the May 24, 2007 letter constitutes a paper "from which it may first be ascertained that the case is one which is or has become removable" and Wal-Mart's July 20, 2007 removal effort is therefore untimely.

The relevant inquiry under § 1446(b) looks at when Defendant received a "pleading, motion, order or other paper" from which the amount in controversy could be ascertained. In this case, none of the documents in Wal-Mart's possession before removal clearly showed that the amount in issue exceeded $75,000. Although Wal-Mart discovered, after receiving Plaintiff's Request for Exemption from Arbitration, that the amount in controversy was in excess of $75,000, Wal-Mart had no affirmative duty to inquire, as it did, beyond the boundaries of the documents it had received. See Gilliard v. Wal-Mart Stores, Inc., 2007 WL 1456219, *3 (D. Nev. 2007) ("without a clear indication of possible federal jurisdiction, there was no duty incumbent upon Defendant to glean clues from the documents in his possession which may have lead him to a different conclusion") (citing Harris, 425 F.3d at 689).[1] Moreover, Plaintiff's implication that Defendant should have known or was on notice before June 20, 2007 as to the likely amount in controversy is unavailing, since a defendant's subjective knowledge that a case is removable is irrelevant to the determination of when the thirty-day period begins. Harris, 425 F.3d at 694. The Court finds that the thirty-day time limit is measured in this case from June 20, 2007 and Wal-Mart's Petition for Removal filed thirty days from this date is therefore timely.

---

[1] Although the Ninth Circuit has not directly considered whether informal correspondence can be considered "other paper" under § 1446(b), there exists some support in the Circuit for the proposition that the "paper" that triggers the thirty-day period must be an "official" filing. See, e.g., Eyak Native Village v. Exxon Corp., 25 F.3d 773, 779 (9th Cir. 1994) (interpreting "other paper" to include a reply brief filed in the removed action, but not a consent decree filed in a related action); Peabody v. Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1989) (holding that the thirty day period was not triggered by documents that were not made part of the state court record).

3

**III.  CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#5) is DENIED.

DATED: this 8TH day of January, 2008.

_____
United States District Judge